IN THE CIRCUIT COURT OF THE SIXTH JUDICIAL CIRCUIT
OF THE STATE OF FLORIDA, IN AND FOR PINELLAS COUNTY
CIVIL DIVISION    CASE NO. 08-171353 CI-11



HUGH McGINLEY, Individually, and
as Personal Representative of the Estate
of KEVIN P. McGINLEY, Deceased;
and GILLIAN McGINLEY,

        Plaintiffs,

vs.

STATE OF FLORIDA, DEPARTMENT
OF HIGHWAY SAFETY AND MOTOR
VEHICLES, FLORIDA HIGHWAY PATROL,
and MARK OBER, STATE ATTORNEY FOR
THE THIRTEENTH JUDICIAL CIRCUIT OF
THE STATE OF FLORIDA,

        Defendants.

_____/

<u>COMPLAINT</u>

Plaintiffs, HUGH McGINLEY, Individually, and as Personal Representative of the Estate

of KEVIN P. McGINLEY, Deceased,  and GILLIAN McGINLEY, sue Defendant, STATE OF

FLORIDA, DEPARTMENT OF HIGHWAY SAFETY AND MOTOR VEHICLES, FLORIDA

HIGHWAY PATROL, and MARK OBER, STATE ATTORNEY FOR THE THIRTEENTH

JUDICIAL CIRCUIT OF THE STATE OF FLORIDA, say:

<u>COUNT I</u>
(AS TO DEFENDANT, STATE OF FLORIDA,
DEPARTMENT OF HIGHWAY SAFETY AND
<u>MOTOR VEHICLES, FLORIDA HIGHWAY PATROL)</u>

1.      That this is an action pursuant to 42 United States Code §1983 for money damages

in excess of Fifteen Thousand Dollars ($15,000.00), exclusive of interest, costs, and attorney's fees.

2.      That at the time of his death in February, 1998, KEVIN P. McGINLEY, was twenty-

one (21) years of age and a lawful resident of the United States of America entitled to the rights and

protections afforded by the Constitution and laws of the United States of America. Further, that Plaintiffs, the parents of KEVIN P. McGINLEY, at all times material hereto were and are lawful residents of the United States of America entitled to the rights and protections afforded by the Constitution and laws of the United States of America. Plaintiffs, HUGH McGINLEY, Individually, and GILLIAN McGINLEY, are survivors of KEVIN P. McGINLEY within the meaning of the Florida Wrongful Death Act who are entitled to recover damages for the death of KEVIN P. McGINLEY.

3.      That Plaintiff, HUGH McGINLEY, is the duly appointed Personal Representative of the Estate of KEVIN P. McGINLEY, Deceased, which is currently being administered in this Court under Case No. 02-2460-ES-003. A certified copy of the Letters of Administration are attached hereto as Exhibit "A" and are incorporated herein by reference. The Estate of KEVIN P. McGINLEY is entitled to recover damages under the Florida Wrongful Death Act for the wrongful death of KEVIN P. McGINLEY.

4.      That Defendant, STATE OF FLORIDA, DEPARTMENT OF HIGHWAY SAFETY AND MOTOR VEHICLES, FLORIDA HIGHWAY PATROL (hereinafter referred to as 'FHP"), was at all times material hereto and is an administrative agency of the State of Florida. Defendant was and is charged by the laws of the State of Florida with, *inter alia*, the investigation of traffic related fatalities within the State of Florida, and the enforcement of the criminal laws of the State of Florida.

5.      That in February, 1998, KEVIN P. McGINLEY, was struck on Interstate 275 in Tampa, Hillsborough County, Florida, by a tractor-trailer truck operated by UNITED PARCEL SERVICE, INC. and killed.

6.      That KEVIN P. McGINLEY was intentionally pushed by one or more individuals into the path of the tractor-trailer truck operated by UNITED PARCEL SERVICE, INC. which struck and killed him. Thus, KEVIN P. McGINLEY's death proximately resulted from a criminal act committed in violation of the laws of the State of Florida.

2

7.    That Defendant, pursuant to the obligations imposed upon it by law, undertook a traffic homicide investigation relating to the death of KEVIN P. McGINLEY. However, unbeknownst to Plaintiffs, the Defendant conducted the investigation in a grossly negligent manner which wholly failed to comply with generally-accepted practices and standards for the conduct of such investigations. Among other things, Defendant:

A.    Made a determination that KEVIN P. McGINLEY's death occurred in a manner which was entirely unsupported by and inconsistent with the physical evidence at the scene and eyewitness statements;

B.    Completely ignored certain eyewitness accounts of the accident;

C.    Disregarded information supplied by 911 callers;

D.    Refused to consider relevant information provided by third parties;

E.    Intimidated potential witnesses in an attempt to coerce them to providing inaccurate information regarding the death of KEVIN P. McGINLEY;

F.    Fabricated and misrepresented material facts, and withheld relevant information;

G.    Knowingly filed false reports with the intent to prevent an investigation of the criminal acts which resulted in the death of KEVIN P. McGINLEY;

H.    Failed to reasonably train or supervise traffic homicide investigators employed by FHP in the conduct of traffic homicide investigations to the extent necessary to carry out the duties imposed upon them by laws; and

I.    Pursuant to an unspoken policy, willfully failed to investigate or follow up on complaints against the reports of FHP traffic homicide investigators, thereby failing to carry out the duties imposed upon it by law.

A copy of the said Investigation Report (the "Report") is attached hereto as Exhibit "B" and is incorporated herein by reference.

8.  That Plaintiffs subsequently became concerned that there were factual inaccuracies and erroneous conclusions contained in the Report, and called this to the attention of Defendant. However, Defendant, with full knowledge of such factual inaccuracies and erroneous conclusions, including the incorrect determination of the manner of KEVIN P. McGINLEY's death, continued to assure Plaintiffs that the Report was accurate and that KEVIN P. McGINLEY's death occurred as described therein.

9.  That as a proximate result of the hereinabove-described actions of Defendant, Plaintiffs were unaware of the fact that the death of KEVIN P. McGINLEY resulted from the criminal actions of a third party or parties.

10.  That as a further proximate result of the hereinabove-described actions of Defendant, Plaintiffs were prevented from timely asserting civil claims against the culpable third party or parties for the wrongful death of KEVIN P. McGINLEY in a court of competent jurisdiction prior to the expiration of the applicable statute of limitations.

11.  That Defendant thereby knowingly and willfully failed to perform an affirmative duty imposed upon it under the laws of the State of Florida, as a result of which Plaintiffs were effectively denied their right of access to the courts of Florida to pursue their claims for the wrongful death of KEVIN P. McGINLEY.

12.  That Plaintiffs were also thereby prevented from causing the third parties criminally responsible for the death of KEVIN P. McGINLEY to be duly prosecuted for such crime or crimes through the criminal justice system.

13.  That Defendant thereby violated the rights of Plaintiffs guaranteed to them under the Constitution and laws of the United States of America.

14.  That all conditions precedent to the filing of this action have been complied with or have occurred.

15.     That Plaintiffs have retained undersigned counsel to represent them in this action, and are obligated to pay counsel a reasonable fee for his services.  Plaintiffs are entitled to recover the reasonable attorney's fees incurred by them in this action pursuant to the provisions of 42 USC §1988.

WHEREFORE, Plaintiffs respectfully request that this Honorable Court:

A.     Enter judgment in their favor and against Defendant for money damages in excess of Fifteen Thousand Dollars ($15,000.00), exclusive of interest, costs, and attorney's fees;

B.     Award Plaintiffs their reasonable costs and attorney's fees incurred in connection with this action; and

C.     Grant such other and further relief as may be appropriate in the premises.

## COUNT II
### (AS TO DEFENDANT, MARK OBER, STATE ATTORNEY FOR THE THIRTEENTH JUDICIAL CIRCUIT OF THE STATE OF FLORIDA)

16.     That this is an action pursuant to 42 United States Code §1983 for money damages in excess of Fifteen Thousand Dollars ($15,000.00), exclusive of interest, costs, and attorney's fees.

17.     That Plaintiffs reallege and reaver Paragraphs 2. and 3. and Paragraphs 5. and 6. of Count I above as if fully set forth herein.

18.     That Defendant, MARK OBER, was at all times material hereto and is the State Attorney for the Thirteenth Judicial Circuit of the State of Florida. In such capacity, he is responsible, *inter alia*, for the prosecution of persons charged with crimes within the area encompassed within the Thirteenth Judicial Circuit of the State of Florida. Defendant is named as a party hereto only in that capacity.

19.    That law enforcement personnel presented information and evidence to the Office of the State Attorney for the Thirteenth Judicial Circuit of Florida (hereinafter called the "STATE ATTORNEY'S OFFICE") regarding the death of KEVIN P. McGINLEY as hereinabove described.

20.    That Plaintiffs subsequently became concerned that there were factual inaccuracies and erroneous conclusions in such information and evidence presented to the STATE ATTORNEY'S OFFICE regarding the death of KEVIN P. McGINLEY. Plaintiffs communicated such concerns, along with information and documentation substantiating their concerns in this regard, to the STATE ATTORNEY'S OFFICE. At all times material hereto, the STATE ATTOR- NEY'S OFFICE had the information and documentation supplied by Plaintiffs in its possession and control.

21.    That in response to the hereinabove-described information and documentation supplied to it by Plaintiffs, the STATE ATTORNEY'S OFFICE at the direction of the Defendant, MARK OBER, thereafter undertook an independent investigation into the death of KEVIN P. McGINLEY through investigative and other personnel of the STATE ATTORNEY'S OFFICE.

22.    That the independent investigation of the death of KEVIN P. McGINLEY undertaken by the STATE ATTORNEY'S OFFICE at the direction of the Defendant, MARK OBER, was, unbeknownst to Plaintiffs, conducted in a manner which grossly failed to comply with generally-accepted practices and standards for the conduct of such investigations. Among other things, the investigative and other personnel of the STATE ATTORNEY'S OFFICE who were directed by Defendant, MARK OBER to conduct such investigation:

A.    Made a determination that KEVIN P. McGINLEY's death occurred in a manner which was entirely unsupported by and inconsistent with the physical evidence at the scene and eyewitness statements;

B.    Completely ignored certain eyewitness accounts of the accident;

C.    Disregarded information supplied by 911 callers; and

6

D.    Refused to consider relevant information provided by third parties.

But for the conduct of such independent investigation in this manner, the STATE ATTORNEY'S OFFICE would have identified the third parties responsible for the crime or crimes resulting in the death of KEVIN P. McGINLEY, and they would have been prosecuted therefor.

23.    That Defendant, MARK OBER, with full knowledge of such factual inaccuracies and erroneous conclusions, including the manner of KEVIN P. McGINLEY'S death, nevertheless:

A.    Continued to insist upon the accuracy of the information and evidence provided by law enforcement;

B.    Permitted, without objection, FHP traffic homicide investigators and investigators from his office to provide false testimony and inaccurate information to a committee charged with rendering a decision as to whether or not to initiate criminal charges as the result of the death of KEVIN P. McGINLEY; and

C    Knowingly failed and refused to initiate criminal charges in connection with the death of KEVIN P. McGINLEY even though such death proximately resulted from the criminal acts of third parties.

24.    That Defendant, MARK OBER, thereby failed to perform an affirmative duty imposed upon him under the laws of the State of Florida.

25.    That Defendant, MARK OBER, thereby violated the rights of Plaintiffs guaranteed to them under the Constitution and laws of the United States of America.

26.    That Plaintiffs reallege and reaver Paragraphs 14. and 15. of Count I above as if fully set forth herein.

WHEREFORE, Plaintiffs respectfully request that this Honorable Court:

A.    Enter judgment in their favor and against Defendant for money damages in excess of Fifteen Thousand Dollars ($15,000.00), exclusive of interest, costs, and attorney's fees;

7

B.      Award Plaintiffs their reasonable costs and attorney's fees incurred in connection with this action; and

C.      Grant such other and further relief as may be appropriate in the premises.

## DEMAND FOR JURY TRIAL

Plaintiffs hereby demand a trial by jury on all issues so triable as a matter of right.

THOMAS E. REYNOLDS, ESQUIRE
RAHDERT, STEELE, BOLE & REYNOLDS, P.A.
535 Central Avenue
St. Petersburg, Florida 33701
(727) 823-4191 / (727) 823-6189 (Fax)
FBN: 202029 / SPN: 00270832
    ATTORNEYS FOR PLAINTIFFS