```
                    UNITED STATES DISTRICT COURT
                     MIDDLE DISTRICT OF FLORIDA
                          TAMPA DIVISION
```

HUGH MCGINLEY, ET AL.,

    Plaintiffs,
v.                                      Case No.  8:09-cv-32-T-33AEP

STATE OF FLORIDA, DEPARTMENT
OF HIGHWAY SAFETY AND MOTOR
VEHICLES, ET AL.,

    Defendants.
_____/

## **ORDER**

This matter comes before the Court pursuant to Plaintiffs' Motion to Compel Attendance of Defendant's Representative at Mediation (the "Motion" Doc. # 17), which was filed on June 10, 2010.  Defendants filed a Response in Opposition to the Motion on June 14, 2010 (Doc. # 18).  The mediation conference at issue is scheduled to take place on June 30, 2010.

At the outset, this Court notes that it routinely denies motions to conduct telephonic mediation conferences. Local Rule 9.05(c), M.D. Fla., states, "Unless otherwise excused by the presiding judge in writing, all parties, corporate representatives, and any other required claims professionals (insurance adjusters, etc.), shall be present at the Mediation Conference with full authority to negotiate a settlement."

Court annexed mediation is a valuable tool for the

parties to utilize in settling their disputes. This Court requires personal attendance at mediation conferences because this Court strongly believes that mediation conferences are most effective when attended personally, rather than telephonically.

However, it should be noted in this case that several representatives will be physically present at the mediation on behalf of the Defendants. Plaintiffs are not complaining that the entire mediation will be conducted telephonically. Rather, Plaintiffs seek an order compelling a Tallahassee, Florida insurance adjuster (specifically, the adjuster from the Florida Department of Financial Services, Division of Risk Management, Bureau of State Liability Claims), Rebecca Brim, to be physically present at the mediation.

Plaintiffs argue that Ms. Brim is the person with the ultimate authority to settle this claim. Plaintiffs also remark that, during the mediation, they plan to use demonstrative aids that Ms. Brim will not see if she is participating by telephone.

Defendants respond by indicating that Ms. Brim should not be compelled to be physically present at the mediation because she will not be reimbursed for her travel due to the budgetary limitations of her employer. Defendants argue, "Those

2

extraordinary budgetary constraints and travel restrictions facing employees of the Florida Department of Financial Services constitute good cause for allowing the adjuster to participate at mediation by telephone." (Doc. # 18 at 3).

On balance, the Court determines that it is appropriate to allow Ms. Brim to participate in the mediation by telephone. This Court reaches this conclusion because Defendants will be represented by several other individuals, in addition to counsel, at the duly scheduled mediation conference.

Accordingly, it is hereby

**ORDERED, ADJUDGED,** and **DECREED:**

Plaintiffs' Motion to Compel Attendance of Defendant's Representative at Mediation (Doc. # 17) is **DENIED**. Ms. Brim is permitted to participate in the mediation conference of this case by telephone.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this <u>14th</u> day of June 2010.

/s/ Virginia M. Hernandez Covington<br>
VIRGINIA M. HERNANDEZ COVINGTON<br>
UNITED STATES DISTRICT JUDGE

Copies:

All Counsel of Record