```
              UNITED STATES DISTRICT COURT
               MIDDLE DISTRICT OF FLORIDA
                     TAMPA DIVISION
```

HUGH McGINLEY, Individually, and
as Personal Representative of
the Estate of Kevin McGinley,
Deceased, and GILLIAN McGINLEY,

        Plaintiffs,
v.                           Case No.  8:09-cv-32-T-33AEP

STATE OF FLORIDA, DEPARTMENT OF
HIGHWAY SAFETY AND MOTOR
VEHICLES, FLORIDA HIGHWAY
PATROL, and MARK OBER, STATE
ATTORNEY FOR THE THIRTEENTH
JUDICIAL CIRCUIT,

        Defendants.
_____/

## **ORDER**

This matter comes before the Court pursuant to the Florida Department of Highway Safety and Motor Vehicles, Florida Highway Patrol, and Mark Ober, State Attorney's motion to dismiss, or, alternatively, for judgment on the pleadings (Doc. # 21), filed on June 29, 2010, and the McGinleys' response (Doc. # 29), filed on August 9, 2010. For the reasons that follow, the Court grants the motion and dismisses this case as time-barred.

## I. **Background**

On February 13, 1998, Kevin McGinley died after being struck by a United Parcel Service truck on Interstate 275 in Tampa, Florida. (Doc. # 2 at 2). After an investigation into

the accident, the Florida Highway Patrol concluded that Kevin contributed to his own death by stopping on the interstate and engaging in an altercation with other individuals and that an unknown hit and run vehicle also contributed to his death by failing to stop after colliding with Kevin. (Doc. # 20-1 at 83-84).

The McGinleys disagree with Defendants' findings regarding the death of their son and believe, among other things, that Defendants "conducted the investigation in a grossly negligent matter which failed to comply with generally accepted practices and standards for the conduct of such investigations." (Doc. # 2 at ¶ 7).

The McGinleys initially filed this case on November 10, 2008, in Pinellas County Circuit Court, more than ten years following the accident and nine years following the completion of the Defendants' investigation. (Doc. # 2 at 1).[1] Defendants removed the case to this Court on January 9, 2009, and filed their answer and defenses on January 30, 2009. (Doc. # 1, 3).

**II. Legal Standard**

---

[1] The McGinleys originally attached the voluminous investigation file to their complaint. (Doc. # 20-1).

In reviewing a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure, the Court accepts as true all of the allegations in the complaint and construes them in the light most favorable to the plaintiff. Jackson v. Bellsouth Telecomms., 372 F.3d 1250, 1262 (11th Cir. 2004). All that is required is a "short and plain statement of the claim." Bell Atl. Corp. v. Twombly, 550 US 544, 555 (2007). However, "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. A complaint that offers "labels and conclusions or a formulaic recitations of the elements of a cause of action will not do." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (citing Bell Atl. Corp., 550 U.S. at 555).

Failure to comply with the statute of limitations may be raised on a motion to dismiss under Rule 12(b)(6). Avco Corp. v. Precision Air Parts, Inc., 676 F.2d 494, 496 (11th Cir. 1982). Dismissal on statute of limitations grounds is appropriate if it is apparent from the face of complaint that the complaint is time-barred. La Grasta v. First Union Sec., Inc., 358 F.3d 840, 847 (11th Cir. 2004).

Exhibits attached to the complaint are deemed a part of the complaint "for all purposes, . . . including a Rule 12(b)(6) motion." Griffin Indus. v. Irvin, 496 F.3d 1189, 1205

3

(11th Cir. 2007)(citing Rule 10(c), Fed.R.Civ.P.). In addition, in reviewing a motion to dismiss, the court may consider documents attached to the complaint where the plaintiff relies upon the document to form the basis for a claim or part of a claim. Crenshaw v. Lister, 556 F.3d 1283, 1292 (11th Cir. 2009). Dismissal is appropriate if the documents attached to the complaint negate the claims. Id. (citing Thompson v. Illinois Dept. of Prof'l Regulation, 300 F.3d 750, 754 (7th Cir. 2002)).

## III. Analysis

### A. Statute of Limitations

Florida's four year statute of limitations for personal injuries applies to claims brought under 42 U.S.C. § 1983. See Wallace v. Kato, 549 U.S. 384, 387 (2007)("[I]n several respects relevant here federal law looks to the law of the State in which the cause of action arose. This is so for the length of the statute of limitations: It is that which the State provides for personal-injury torts."); Burton v. City of Belle Glade, 178 F.3d 1175, 1188 (11th Cir. 1999) ("[A] plaintiff must commence a § 1983 claim arising in Florida within four years of the allegedly unconstitutional or otherwise illegal act."). The accrual date of the cause of action under § 1983, however, is a question of federal law.

Wallace, 549 U.S. at 388. "It is the standard rule that accrual occurs when the plaintiff has a complete and present cause of action." Id. (internal citations omitted).

The Eleventh Circuit has clarified that, in § 1983 cases such as the present case, a cause of action will accrue, and the statute of limitations will begin to run, when plaintiffs know or should know (1) that they have suffered the injury that forms the basis of their complaint and (2) who has inflicted the injury. See Chappell v. Rich, 340 F.3d 1279, 1283 (11th Cir. 2003)(time-barring a claim alleging lack of access to courts because children knew that their mother had been murdered, and who the alleged perpetrators were before the statute of limitations period expired). Further, the statute of limitations does not begin to run until facts supporting a cause of action are apparent or should be apparent to a person with a reasonably prudent regard for his rights. Fisher v. Office of the State Att'y Thirteenth Judicial Cir. Fla., 162 F. App'x 937, 942 (11th Cir. 2006).

Here, the McGinleys were aware of the facts that gave rise to their complaint by the time that the investigation report was released on March 22, 1999. (Doc. # 20-1 at 12). Further, Hugh McGinley questioned the accuracy of the police investigation in materials that are included in the report.

5

(Doc. # 20-1 at 44, 57-59). The McGinleys knew of the investigation of the traffic accident, the various accounts of eyewitnesses and other individuals involved, the identity of those who conducted the investigations, and how the investigations were being conducted, before, or at the latest, as of the police investigation report release date, March 22, 1999.[2]

Thus, the cause of action accrued by March 22, 1999. The complaint, filed in 2008, was filed nine years after the accrual date and, therefore, this action is barred by the four-year statute of limitations applicable to § 1983 claims.

### B. Continuing Violation Argument

The McGinleys assert that their cause of action is not barred by the running of the statute of limitations because the complaint alleges "continuing violations" of their rights. (Doc. # 29 at 8). The critical distinction in continuing violation analysis is "whether the plaintiffs complain of the present consequence of a one time violation, which does not

---

[2] This analysis applies with equal force to all of the defendants, including the State Attorney's Office for the Thirteenth Judicial Circuit of Florida, as the McGinleys note in their complaint that they communicated their concerns about inaccuracies in the investigations to the State Attorney's Office, and the allegations against both sets of defendants are identical in substance. (Doc. # 2 at 6-7 ¶ 22 A-D).

6

extend the limitations period, or the continuation of that violation into the present, which does." Lovett v. Ray, 327 F.3d 1181, 1183 (11th Cir. 2003)(internal citations omitted).

The McGinleys argue, "The Complaint alleges that FHP has completely ignored eyewitness accounts, disregarded information from 911 callers and refused to consider relevant information provided by third parties. (Complaint ¶ 7 B, C, and D) These actions are ongoing after the Report, and still continue to this day." (Doc. # 29 at 8).

If the Court were to accept the McGinleys' arguments, it would open the doors to cases filed well past the running of the statute of limitations as a result of investigations long closed and abandoned, though deemed ineffective by family members of alleged victims. See Koehnke v. City of McKeesport, 350 F. App'x 720, 724 (3d Cir. 2009)(time-barring a mother's claim resulting from a botched police investigation into daughter's disappearance because mother had sufficient facts to put her on notice as evidenced by her informing police of her suspicions during the investigation three years prior to filing the cause of action); Chappell, 340 F.3d at 1283-84 (time-barring children's claim more than thirty years after their mother's murder because they had knowledge of relevant facts prior to the running of the statute of limitations

7

regardless of alleged police cover-up of additional facts).

The alleged acts in the complaint do not give rise to a continuing violation. These acts are directly related to the accident investigation that occurred during 1998 and 1999, and do not form the basis for a continuing violation of the McGinleys' rights. The statute of limitations began to run at the moment the McGinleys knew of their injury and who inflicted it. See Chappell, 340 F.3d at 1983. While the investigation may have had continued consequences for the McGinley family, there is no continuing violation, and the limitations period is not extended.

### C. Equitable Tolling

Further, the McGinleys do not qualify for equitable tolling.[3] Equitable tolling is an "extraordinary remedy which should be extended only sparingly." Justice v. United States, 6 F.3d 1474, 1479 (11th Cir. 1993). Further, equitable tolling is "appropriate only in 'extraordinary' circumstances such as those that are both beyond the plaintiff's control and unavoidable even with diligence." Cabello v. Fernandez-

---

[3] The McGinleys do not assert equitable tolling as an argument against the running of the statute of limitations, however, Defendants address it in their motion and therefore, in an abundance of fairness to the parties and to completely address the issue before it, the Court will address this issue briefly.

8

<u>Larios</u>, 402 F.3d 1148, 1155 (11th Cir. 2005)(internal citations omitted). The McGinleys have not demonstrated extraordinary circumstances to explain why they could not have brought the instant claim against the Defendants within the statute of limitations period and, thus, the Court declines to grant equitable tolling of the statute of limitations.

Further, in finding that the statute of limitations applicable to the McGinleys' case has run and in declining to apply the continuing violation and equitable tolling doctrines to save the McGinleys' case, the Court is mindful that "statutes of limitations . . . have come into the law not through judicial process but through legislation." <u>Justice</u>, 6 F.3d at 1483 (citing <u>Chase Securities Corp. v. Donaldson</u>, 325 U.S. 304, 314 (1945)). Accordingly, statutes of limitations "must be strictly adhered to by the judiciary." <u>Kavanagh v. Noble</u>, 332 U.S. 535, 539 (1948).

## IV. Conclusion

As reflected in the above analysis, Defendants' motion to dismiss is granted because the McGinley's complaint is barred by the running of the statute of limitations.

Accordingly, it is hereby

**ORDERED, ADJUDGED,** and **DECREED:**

(1) Defendants State of Florida Department of Highway Safety

and Motor Vehicles, Florida Highway Patrol, and Mark Ober, State Attorney General for the Thirteenth Judicial Circuit's  motion to dismiss, or, alternatively, motion for judgment on the pleadings (Doc. # 21) is **GRANTED**.

(2)  This case is **DISMISSED**.

(3)  The clerk is directed to **CLOSE THIS CASE**.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this 12th day of October, 2010.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies:  All Counsel and Parties of Record