```
                UNITED STATES DISTRICT COURT
                 MIDDLE DISTRICT OF FLORIDA
                       TAMPA DIVISION
```

HUGH McGINLEY, ET AL.,

      Plaintiffs,
v.                              Case No.   8:09-cv-32-T-33AEP

STATE OF FLORIDA, DEPARTMENT OF
HIGHWAY  SAFETY  AND  MOTOR
VEHICLES, ET AL.,

      Defendants.
_____/

**ORDER**

This cause is before the Court pursuant to Defendants' Motion to Tax Costs Against Plaintiffs (Doc. # 31), filed on October 26, 2010.  The McGinleys filed a Response in Opposition to the motion (Doc. # 32) on November 5, 2010.  For the reasons that follow, the Court grants the motion in part.

**Analysis**

On February 13, 1998, Kevin McGinley died after being struck by a United Parcel Service truck on Interstate 275 in Tampa, Florida. (Doc. # 2 at 2).  After an investigation into the accident, the Florida Highway Patrol concluded that Kevin contributed to his own death by stopping on the interstate and engaging in an altercation with other individuals and that an unknown hit and run vehicle also contributed to his death by failing to stop after colliding with Kevin. (Doc. # 20-1 at 83-84).

The McGinleys disagreed with Defendants' findings regarding the death of their son and alleged that Defendants conducted the investigation in a grossly negligent manner. The McGinleys filed suit against Defendants on November 10, 2008, in Pinellas County Circuit Court, more than ten years following the accident and nine years following the completion of the Defendants' investigation. (Doc. # 2 at 1). Defendants removed the case to this Court on January 9, 2009. (Doc. # 1).

On June 29, 2010, Defendants filed a Rule 12(b)(6), Fed. R. Civ. P., motion to dismiss, arguing that the McGinleys' action was time-barred due to the running of the applicable statute of limitation. (Doc. # 21). On October 12, 2010, this Court entered an order granting the Rule 12(b)(6) motion and dismissing this case as time-barred. (Doc. # 30). On October 26, 2010, Defendants filed their motion to tax costs against the McGinleys seeking $5,772.13. Specifically, Defendants seek the following categories and amounts of costs:

(1)  Removal Fee:           $350.00
(2)  Deposition Subpoena:   $60.00
(3)  Deposition Transcripts: $4,306.73
(4)  Copies:                $65.40
(5)  Mediation Fee:         $990.00

Case 8:09-cv-00032-VMC-AEP   Document 34   Filed 12/27/10   Page 3 of 5 PageID 506

The McGinleys do not dispute the $350.00 removal fee; however, they object to all other items of costs enumerated in the motion. The McGinleys correctly contend that the Court's award of costs is governed by 28 U.S.C. § 1920. That well-known statute does not include the mediation fee as a recoverable cost. See <u>Lake v. Hartford Life & Accident Ins.</u>, Case No. 8:03-cv-237-T-26EAJ, 2004 U.S. Dist. LEXIS 10664, at *5 (M.D. Fla. Jan. 30, 2004) (declining to award mediation fee as a recoverable cost because such fee did not fall within the explicit ambit of 28 U.S.C. § 1920). Upon due consideration, the Court declines to award Defendants the $990.00 requested for a mediation fee.

The McGinleys also argue that Defendants' request for reimbursement in the amount of $4,306.73 for deposition transcripts should be denied. The McGinleys correctly assert that the Court did not rely on deposition testimony when it dismissed this case on the basis of the statute of limitation. Nevertheless, the Court determines that it is appropriate to grant Defendants' request for reimbursement of the deposition expenses. The McGinleys have not demonstrated that any of the depositions taken were "not related to an issue which was present in the case at the time the deposition was taken." <u>United States v. W&O Inc.</u>, 213 F.3d 600, 621 (11th Cir.

-3-

2000)("The question of whether the costs for a deposition are taxable depends on the factual question of whether the deposition was wholly or partially necessarily obtained for use in the case.")(internal citations omitted).

In this case, although the Court did not utilize deposition testimony in determining that dismissal was appropriate, the McGinleys have failed to persuade the Court that the depositions in question were impertinent or unrelated to the proceedings. Although the Court's analysis was confined to the four corners of the complaint and the exhibits attached thereto, Defendants may recover their deposition costs because such depositions were not unnecessarily obtained.

The Court has also considered but rejects the McGinleys' contention that Defendants' requested copying costs should be denied. The McGinleys have failed to demonstrate why the copying fees, which are minimal, should be denied. Accordingly, after considering the items of costs requested, the Court finds that all costs requested, with the exception of the mediation fee, should be awarded to Defendants as the prevailing parties in this case. Thus, Defendants are entitled to $4,782.13 in recoverable costs.

Accordingly, it is now

**ORDERED, ADJUDGED,** and **DECREED:**

Defendants' Motion to Tax Costs Against Plaintiffs (Doc. # 31) is granted in part and denied in part.  Defendants are entitled to $4,782.13 in costs.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 27th day of December 2010.

_____
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies to: All counsel of record